

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 5, 1947

Hon. H. L. Roberson
County Attorney
Winkler County
Box 307
Kermit, Texas

Opinion No. V-329

Re:  Construction of H.B.
785, 50th Leg., relative
to salaries of county
officials in counties
having a population of
less than 20,000 inhabi-
tants.

Dear Sir:

Your letter requesting an opinion from this
Department on the above subject matter is as follows:

"The Commissioners Court of Winkler
County has requested that I write you for
an opinion on the H. B. No. 785.

"When, or on what date, does this be-
come a law?

"Who are the County Officials; does
this include the Commissioners, Constables
and Justices of the Peace?

"The Elective Officials in Winkler
County are on a salary basis and their
salaries were set during the month of
January, for the year of 1947. However,
since the Legislature has passed this
H.B. 785, giving these same officials a
raise, does the Commissioners Court have
the authority to raise the salaries for
the balance of this year?"

H. B. No. 785, Acts of the 50th Legislature,
provides as follows:

"Section 1. In all counties of this
State having a population of less than
twenty thousand (20,000), according to the
last preceding Federal Census, and in which
counties the Commissioners Courts have de-
termined that the county officials shall be

compensated on a salary basis, such Commis-
sioners Courts are authorized to fix the
salaries of county officials in such coun-
ties, their deputies, clerks and assistants.
Said compensation shall be paid in monthly
or semimonthly installments, as said Court
may determine.  Provided, however, that no
salary fixed herein by such Commissioners
Court shall be in an amount to exceed Five
Thousand, Four Hundred Dollars ($5,400) for
the County Officers and in an amount of
Three Thousand, Six Hundred Dollars ($3,600)
for Deputies, Assistants, and Clerks; pro-
vided, further that no salary shall be set
at a figure lower than that paid for the
Calendar Year 1946.

"Sec. 2. All laws and parts of laws,
in so far as the same apply to counties with-
in the provisions of this Act, shall be, and
the same are hereby, repealed to the extent
of such conflict.

"Sec. 3. The fact that county officials
and deputies, clerks and assistants in the
counties within the provisions of this Act are
inadequately compensated for their services;
the fact that said counties are losing and will
continue to lose the services of valuable of-
ficials and county employees unless such com-
pensation is increased; the further fact that
many counties of this State within the popula-
tion limits provided in this Act have large
financial resources by reason of which heavy
responsibilities are placed on some county of-
ficials; and the fact that said officials and
employees cannot be properly compensated under
the present Statutes; the further fact that the
local officials of the counties within the pro-
visions of this Act are far more competent
than the Legislature to determine the fair and
reasonable compensation for such officials and
employees; the further fact that it is a sound
principle of government to leave the local af-
fairs as nearly to the people as possible; and
the further fact that the county officials in
said counties will be responsible to the people
of such Counties for their acts creates an

emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House of the Legislature be suspended, and said Rule is hereby suspended, and that this Act shall take effect and be in force from and after its passage, and it is so enacted.

"Passed the House, May 15, 1947: Yeas 119, Nays 5; House concurred in Senate Amendments, June 3, 1947; Yeas 102, Nays 10; passed the Senate, as amended, June 3, 1947: Yeas 30, Nays 0.

"Approved:  June 12, 1947"

Since H. B. 785 contained an emergency clause and passed with the necessary two-thirds vote of each house, it became effective on June 12, 1947, the date upon which it was approved by the Governor.  Texas Constitution, Art. III, Section 39.

Winkler County, according to the last preceding Federal Census, had a population of 6,141 inhabitants, and we are informed by the Comptroller's office that its county officials are compensated on a salary basis.  Therefore, H. B. No. 785 is applicable to Winkler County.

We quote the following from 39 Tex. Jur. pp. 252, 253:

"A statute will be construed so that it will harmonize with other existing law, unless its provisions clearly manifest a contrary intention.  Thus where the literal language of one act conflicts with that of another, they should be read together and harmonized, if possible, so as to give effect to each of them."

We therefore deem it pertinent to quote the following statutory provisions:

Article 3912e, Section 2.

"The Commissioners' Court of each county in the State of Texas, at its first regular meeting in January of each calendar year, shall, by order made and entered in the minutes of said court, determine whether precinct

officers of such county (except public
weighers and registrars of vital stastics)
shall be compensated on a salary basis as
provided for in this Act, or whether they
shall receive as their compensation, such
fees of office as may be earned by them in
the performance of the duties of their of-
fices. . ."

Article 3912e, Section 15.

"The Commissioners' Court in counties
having a population of less than twenty
thousand (20,000) inhabitants, according
to the last preceding Federal Census at
the first regular meeting in January of
each calendar year, may pass an order pro-
viding for compensation of all county and
precinct officers on a salary basis."

Article 3912e, Sec. 17.

"(a)  The term 'Precinct Officers' as
used in this Act means justices of the peace
and constables."

It is apparent from the above quoted provisions
of the "Officers' Salary Law" that the Legislature has
made a distinction between county officers and precinct
officers.  The Legislature apparently had this in mind
when it used the term "in which counties Commissioners'
Courts have determined that the county officials shall be
compensated on a salary basis."  Since Article 3912e, Sec
17, defines precinct officers (as distinguished from coun
ty officers) as the justices of the peace and constables,
it is our opinion that H.B. 785 is not applicable to jus-
tices of the peace and constables.

In connection with your question as to whether
or not H.B. 785 is applicable to county commissioners, we
direct your attention to the fact that said Act is a com-
prehensive statute providing for salaries of county offi-
cials in counties having a population of less than 20,000
inhabitants according to the last preceding Federal Cen-
sus; and, therefore, it operates in effect to amend Sec-
tion 15 of Article 3912e.  The compensation of county
commissioners is not governed by Article 3912e, Section
15, but by Article 2350, as amended by H.B. 84, Acts of

the 49th Legislature, which is a statute dealing with
county commissioners specifically. According to the
last mentioned Article, the salaries of county commis-
sioners are based upon the assessed valuation of the
various counties.

We quote the following from 39 Tex. Jur., pp.
254-257:

"In order to arrive at a proper con-
struction of a statute, and determine the
exact legislative intent, all acts and parts
of acts in pari materia will, therefore, be
taken, read and construed together, each en-
actment in reference to the other, as though
they were parts of law. Any conflict between
their provisions will be harmonized if pos-
sible, and effect will be given to all the
provisions of each act if they can be made to
stand together and have concurrent efficacy.

"The purpose of the in pari materia rule
of construction is to carry out the full leg-
islative intent, by giving effect to all laws
and provisions bearing upon the same subject.
It proceeds upon the supposition that several
statutes relating to one subject are governed
by one spirit and policy, and are intended to
be consistent and harmonious in their several
parts and provisions. The rule applies where
one statute deals with a subject in comprehen-
sive terms and another deals with a portion of
the same subject in a more definite way."
(Emphasis ours)

By construing Article 3912e, Sections 2, 15 and
17, Article 2350, and H.B. 785 together in accordance with
the above rule of statutory construction, it is our opin-
ion that the Legislature did not intend to amend Article
2350, dealing with county commissioners specifically. Al-
though county commissioners are county officers, it is our
opinion, in view of the foregoing, that H. B. 785, Acts of
the 50th Legislature, is not applicable to them, but is
only applicable to those county officials covered by Sec-
tion 15 of Article 3912e.

In answer to your third question, it is our opin-
ion that any increase in salary for the year 1947 must be

in the same proportion as the remainder of the year is to the total annual increase that may be made under H. B. 785. (See our Opinion V-222, a copy of which we are herewith enclosing.)

It is our further opinion that the increase, if any, can only be from the date that the Commissioners' Court grants the increase and amends the budget accordingly. In this connection, we direct your attention to Article 689a-11 which provides in part as follows:

"When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. In all cases where such amendments to the original budget is made, a copy of the order of the Court amending the budget shall be filed with the Clerk of the County Court, and attached to the budget originally adopted."

## SUMMARY

(1) H. B. 785, 50th Legislature, relative to county officials in counties containing less than 20,000 inhabitants, is only applicable to the sheriff, assessor and collector of taxes, county judge, county attorney, district attorney, district clerk, county clerk, treasurer and hide and animal inspector, and is not applicable to justices of the peace, constables, or county commissioners; having passed with the necessary 2/3 vote of each House, it became effective on June 12, 1947.

        (2)  Any increase in compensation for
the year 1947 must be in the same proportion
as the remainder of the year is to the total
annual increase that may be made and must be
in compliance with the budget law.  Art.
689a-11, V.C.S.

                              Yours very truly

                          ATTORNEY GENERAL OF TEXAS

                          By _John Reeves_
                                John Reeves
JR:wb;djm                       Assistant

Enclosure


                          APPROVED:

                          _Price Daniel_
                          ATTORNEY GENERAL